Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for the Plaintiffs

FILED
08 JUL 31 AM 9:11
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John P. Kelly and Sheila Kelly<br><br>Plaintiffs,<br>v.<br><br>Alternative Recovery Management<br><br>Defendant. | **Case Number:** 08 CV 1379 IEG POR<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

HYDE & SWIGART
San Diego, California

ORIGINAL

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. John P. Kelly and Sheila Kelly, (Plaintiffs), through Plaintiffs' attorneys, bring this action to challenge the actions of Alternative Recovery Management, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damage.

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

5. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

8. Because Defendant does business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391(c).

## PARTIES

10. Plaintiffs are natural persons who reside in the City of Santee, County of San Diego, State of California.

11. Defendant is from the City of La Mesa, the County of San Diego, and the State of California.

12. Plaintiffs are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are "debtors" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

17. At all times relevant to this matter, Plaintiffs were individuals residing within the State of California.

18. At all times relevant, Defendant conducted business within the State of California.

19. Sometime before November 29, 2007, Plaintiffs are alleged to have incurred certain financial obligations.

20. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

22. Sometime thereafter, but before November 29, 2007, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiffs currently take no position as to the validity of this alleged debt.

23. Subsequently, but before November 29, 2007, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

24. On or about November 29, 2007, Defendant mailed a dunning letter to Plaintiffs. A few days later, Plaintiffs received that letter.

25. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

26. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

27. On or about November 29, 2007, Plaintiffs received a telephone call from Defendant and to Plaintiff Sheila. This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

28. During this telephone conversation an employee and agent of Defendant, who called herself "Jennifer," falsely claimed that she was employed by a law firm, which she identified as "Polen & Cohen."

29. Jennifer, while attempting to collect on the alleged debt, then falsely stated to Plaintiff Sheila that she and her husband were being sued by Polen & Cohen for $700.00.

30. Plaintiff Sheila then explained to Jennifer that she believed she and her husband, Plaintiff John, did not not owe the alleged debt.

31. Jennifer advised Plaintiff Sheila that "the paperwork has already been filed, and you will have to appear it court."

32. Jennifer also advised Plaintiff Sheila that if she and her husband, Plaintiff John, failed to cooperate with Jennifer and Defendant, she and her husband would have to pay an additional $750.00 in court costs and attorneys' fees.

33. Jennifer then stated that if Plaintiff Sheila and her husband paid the alleged debt immediately, Jennifer would "try to stop the lawsuit."

34. The statements by Jennifer in paragraphs 28-33 were false, deceptive, or misleading representations or means in connection with the collection of the alleged debt. Consequently, these actions by Jennifer and Defendant violated

15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

35. Without any legal exception, this communication did not provide the company name used by Defendant or that Defendant was a debt collector, thereby lacking meaningful disclosure of the caller's identity. Consequently, this communication violated 15 U.S.C. § 1692d(6).

36. Because this omission violated the language in 15 U.S.C. § 1692d(6), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692d(6). This communication also violated Cal. Civ. Code § 1788.11(b).

37. In this communication, Defendant failed to communicate that it was attempting to collect a debt and that any information obtained would be used for that purpose. This omission violated 15 U.S.C. § 1692e(11).

38. Because this omission violated the language in 15 U.S.C. § 1692e(11), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692e(11).

39. After this conversation took place, Plaintiff Sheila, now stressed and concerned that she and her husband were being sued, telephoned her husband, Plaintiff John, to apprise him of the situation. During this call, Plaintiff Sheila gave the telephone number of Defendant to her husband, as supplied by Jennifer.

40. Subsequently that day, Plaintiff John telephoned the number supplied by Jennifer and confirmed that it was that of Defendant.

41. Subsequently, relying on the false, deceptive, and misleading representations of Defendant, Plaintiffs retained counsel, other than current counsel, due to their concern that they were being sued and would need to defend themselves in a lawsuit, thereby incurring actual damages.

42. Subsequently, Plaintiffs retained current counsel.

43. Subsequently, although Plaintiffs believe no debt was actually owed by them, Plaintiffs, in an effort to circumvent the threatened lawsuit, paid a sum of $813.56, thereby incurring further actual damages.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

44. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

46. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

47. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

49. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00

HYDE & SWIGART
San Diego, California

pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendant, and Plaintiffs be awarded damages from Defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

50. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

51. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

52. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

53. An award of actual damages pursuant to California Civil Code § 1788.30(a);

54. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

55. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## TRIAL BY JURY

56. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: 7/25/2008

**Hyde & Swigart**

By: [signature]
Robert L. Hyde
Attorneys for the Plaintiffs

HYDE & SWIGART
San Diego, California

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 153505 - TC**

**July 31, 2008**
**09:18:17**

**Civ Fil Non-Pris**
USAO #.: 08CV1379
Judge..: IRMA E GONZALEZ
Amount.: $350.00 CK
Check#.: BC2504

**Total-> $350.00**

FROM: JOHN P. KELLY AND SHEILA KELLY
VS
ALTERNATIVE RECOVERY MGT.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 08 JUL 31 AM 9:11 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA DEPUTY

ORIGINAL

**I. (a) PLAINTIFFS**

John P. Kelly and Sheila Kelly

(b) County of Residence of First Listed Plaintiff San Diego

(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert L. Hyde, Hyde & Swigart. Tel: 619.233.7770
411 Camino Del Rio South, Suite 301, San Diego, CA 92108

**DEFENDANTS**

Alternative Recovery Management

County of Residence of First Listed Defendant San Diego

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) '08 CV 1379 IEG POR

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692, Fair Debt Collection Practices Act (F.D.C.P.A.)

Brief description of cause:
Various violations of statute

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** 50,000

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 7/28/08 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 153505 AMOUNT $350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

TAC 7/31/08